ACCEPTED
01-14-00290-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 1:13:19 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00290-CV

| WARWICK OIL & GAS INC. et al. | § | IN THE COURT OF APPEALS |
|---|---|---|
| | § | |
| v. | § | FIRST DISTRICT |
| | § | |
| FBS PROPERTIES, INC. | § | HOUSTON, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 1:13:19 PM
CHRISTOPHER A. PRINE
Clerk

## APPELLANT'S MOTION FOR REHEARING AND MOTION FOR EN BANC RECONSIDERATION

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Warwick Oil & Gas, Inc., Texas, Warwick Oil & Gas, Inc., Oklahoma, Reserve Royalty Corporation, Thomas Christopher Knowles, and Fran Michael, Appellants in the above numbered and titled cause, and, pursuant to Rule 49 of the Texas Rules of Appellate Procedure, file this Motion for Rehearing and, in the alternative, Motion for En Banc Reconsideration and in support thereof would respectfully show this Court the following:

### I.

In its opinion, this Court found that Appellants had engaged in bad faith during discovery, basing this finding on the erroneous notion that bank records were not produced to Appellee pursuant to discovery requests. *See Warwick Oil & Gas, Inc. et al. v. FBS Properties, Inc.*, No.

01-14-00290-CV (Tex. App.—Houston [1st Dist.] June 11, 2015), page 13. Yet such bank records *were* produced by Appellants to Appellee. All responsive documents in Appellants' possession were produced in discovery. Those that were destroyed by fire were not produced. This Court admits Appellants were not required to create documents that did not exist. *Id.*

Because of this erroneous belief that discovery was not answered, this Court concluded that "even if certain documents did not exist, were destroyed in the 2008 fire, or were publicly available," Appellants still conducted discovery in bad faith. Yet since the documents this Court mentions Appellants not producing *were actually* produced in discovery, it was an abuse of the trial court's discretion to strike Appellants' pleadings for bad faith.

Further, this Court provides only a conclusory statement that "documents evidencing the financial and ownership interests in the companies would be unquestionably relevant." *Id.* at page 12. Yet the financial records of the Appellant companies and documents evidencing Knowles ownership of the Appellant companies *would not show* a valid transfer *of the companies themselves* (and not merely a transfer of an

asset of the companies) to a third party under Chapter 8 of the Texas Business and Commerce Code and thus ownership of the company. Any document in Appellants' possession concerning the Appellant companies' finances or Appellants' ownership of the companies would not unquestionably show that a third party owned the Appellant companies, which is the heart of the case.

Moreover, even if any missing document was "unquestionably relevant" in the present case, relevance is not the standard that allows for death penalty sanctions. *Id.* Relevance is that which has "any tendency to make a fact more or less probable." TEX. R. EVID. 401 (2015). As this Court wrote, there must be a relationship between the discovery abuse and the cause of action. *Warwick Oil & Gas, Inc. et al.*, No. 01-14-00290-CV, p. 15. Death penalty sanctions are only appropriate when the discovery violation involves evidence going to the heart of the case. *See generally Knoderer v. State Farm Lloyds*, No. 06-13-00027-CV (Tex. App.—Texarkana, Sept. 19, 2014) (not designated for publication). In permitting death penalty sanctions for discovery violations that concern only relevant evidence, the trial court abused its discretion.

II.

This Court concluded that justice did not require this Court to allow Appellants to amend their brief because the Court believed Appellants had "fail[ed] to engage in the discovery process in the proceedings below." *Warwick Oil & Gas, Inc. et al.*, No. 01-14-00290-CV, p. 25. Yet, as demonstrated above, Appellants did engage in discovery and produced relevant documents in their possession. As Appellants did not engage in bad faith in discovery, Appellants would ask again for leave to amend their petition in the interest of justice.

## Prayer

WHEREFORE, premises considered, Appellants Warwick Oil & Gas, Texas, Warwick Oil & Gas, Oklahoma, Reserve Royalty Corporation, Thomas Christopher Knowles, and Fran Michael respectfully ask this Court to withdraw its previous opinion and reconsider the case en banc, withdraw its previous opinion and rehear the case, allow Appellants to amend their brief, reverse the erroneous orders of the trial court, and for whatever further relief, in law or in equity, to which Appellants have shown themselves to be justly entitled.

Respectfully submitted,

Thomas P. Nixon
State Bar No. 24048692
6009 Richmond Ave. Suite 208
Houston, TX 77057
Tel: (713) 893-4439
Fax: (888) 591-6924
Emily Foster
State Bar No. 24059768
166 Carr Road
Sheffield
S6 2WZ
UK
Attorneys for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellants' Motion for En Banc Reconsideration and Motion for Rehearing was served on all other parties or their attorneys of record on this 25th day of June, 2015 by electronic service.

Thomas Nixon
Attorney for Appellants

# VERIFICATION

State of Texas       §
           §
County of _Harris_     §

Before me, the undersigned notary, personally appeared affiant Thomas Nixon, who, after being by me duly sword stated the following under oath:

"My name is Thomas Nixon. I am over the age of fourteen (14) years, and I am competent to make this affidavit. The statements contained herein are true and correct to the best of my knowledge.

"I have reviewed the above Appellants' Motion for En Banc Reconsideration and Motion for Rehearing and have concluded that every factual statement contained therein is true and correct."

_____
Thomas Nixon

SWORN and SUBSCRIBED before me, the undersigned authority, on

this _25_ day of _June_, 2015.

MARIA ELENA ESCOBEDO
Notary Public, State of Texas
My Commission Expires
July 11, 2015

Notary Public, State of Texas